# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5267 | **DATE** | 1/17/2001 |
| **CASE TITLE** | Native American Arts vs. Adobe Moon Arts | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 4/17/2001 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** We deny defendant Adobe Moon's motion (Doc 3-1) to dismiss plaintiff's Amended Complaint. Defendant is given to January 31, 2001 to answer the Amended Complaint. All discovery to be completed by April 17, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JAN 18 2001 date docketed | | |
| ✓ | Docketing to mail notices. | | | | 7 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | | | | date mailed notice | |
| SCT | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIVE AMERICAN ARTS, INC.,  )
assignee of J.C. PENNEY COMPANY, INC.,  )
)
Plaintiffs,  )
)
)  00 C 5267
vs.  )
)
ADOBE MOON ARTS, INC.,  )
)
Defendant.  )

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

INTRODUCTION

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. For the following reasons, we deny the motion.

BACKGROUND

For purposes of the instant motion to dismiss, we accept Plaintiff's allegations as true as we are obligated to do. On June 25, 1998, Plaintiff Native American Arts ("NAA") filed a lawsuit (the "Underlying Litigation") against J.C. Penney Company, Inc. ("J.C. Penney") alleging that J.C. Penney offered, displayed and sold products that violated the Indian Arts and Crafts Act of 1990 ("IACA"). (Amd. Compl. ¶ 5.) IACA

prohibits the display or sale of goods in a manner that falsely suggests the goods are produced by Indians. (Id. ¶ 12.) A strict liability statute, IACA affords compensatory damages without proof of the defendant's mental state. (Id. ¶ 9.) The statute provides for damages of $1,000 per day or treble damages, whichever is higher, for each day that the violative product is displayed or sold. (Id. ¶ 14.) NAA sought more than $60,000,000 in statutory damages from J.C. Penney. (Id.)

As part of the Underlying Litigation, J.C. Penney filed a Third-Party Complaint against Defendant Adobe Moon Arts[1] ("Adobe Moon"). (Id. ¶ 6.) Adobe Moon manufactured and supplied the products at issue in NAA's litigation with J.C. Penney. (Id. ¶ 18.) The Third-Party Complaint included claims of contribution, breach of indemnity contract, breach of express warranty and breach of implied warranty. (Id. ¶6.)

NAA and J.C. Penney reached a settlement agreement. (Amd. Compl. ¶ 21.) According to the settlement agreement, damages of $1,960,000 were attributable to Adobe Moon's products. (Id.) J.C. Penney promised to pay $50,000 as a partial payment of the $1,960,000 settlement amount. (Id. ¶ 22.) In addition, J.C. Penney assigned its claims against Adobe as partial payment of the settlement amount. (Id.)

---

[1] Apparently Plaintiff's papers misidentify Adobe Moon Arts as "Adobe Moon Arts, Inc." (Def. Memo. at 2 n.1.)

NAA, as an assignee of J.C. Penney, now brings the instant lawsuit against Adobe Moon. NAA's Amended Complaint alleges breach of indemnity contract, breach of express warranty, and breach of implied warranty of merchantability.

LEGAL STANDARD

A motion to dismiss is to be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." Cook v. Winfrey, 141 F.3d 322, 327 (7th Cir. 1998). The court must accept as true all of the plaintiff's well-pleaded factual allegations as well as all reasonable inferences. See Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977). However, the court need "not strain to find inferences favorable to the plaintiffs" which are not apparent on the face of the complaint. Id.

DISCUSSION

Adobe Moon has moved to dismiss NAA's Amended Complaint because our Court lacks subject matter jurisdiction over the instant dispute and because the alleged indemnity provision violates public policy. In the alternative, Adobe Moon asks this Court to dismiss Count I of the Amended Complaint because it fails to state a cause of action for breach of the indemnity provision. We discuss each contention in turn.

1. Subject Matter Jurisdiction

Adobe Moon claims that this Court lacks subject matter jurisdiction because the amount in controversy in the litigation does not exceed $75,000. As a general rule, the

amount of damages set forth in the complaint will comprise the amount in controversy as long as the assertion is made in good faith. See Herremans v. Carrera Designs, Inc., 157 F.3d 1118, 1120 (7th Cir. 1998). The instant Amended Complaint seeks damages of $1,960,000 for breach of an indemnity contract; $1,960,000 for breach of express warranty; and $1,960,000 for breach of implied warranty. Thus on its face the Amended Complaint sets forth damages in excess of $75,000.

According to Adobe Moon, however, the law of indemnity limits J.C. Penney to reimbursement only for actual damages. In this case, Adobe Moon submits that the actual damages are the $50,000 J.C. Penney paid to NAA. Conversely, because J.C. Penney did not pay $1,960,000 to NAA, it sustained no actual loss of this amount and is not entitled to indemnification.

Adobe Moon has misconstrued the settlement agreement between NAA and J.C. Penney. According to NAA's allegations, which we must take as true for purposes of the instant motion, the value of the settlement was "$1,960,000 attributable to Adobe Moon Products." (Amd. Compl. ¶ 21.) The $50,000 payment by J.C. Penney to NAA was but a partial payment of this larger value, as was the assignment to NAA of J.C. Penney's remaining claims. Neither partial payment represents the amount in controversy. Rather, the $1,960,000 in damages attributable to Adobe Moon is the amount in controversy.

Adobe Moon has endeavored to frame this case as one of indemnification. We believe this framing is too narrow. NAA, as assignee of J.C. Penney, has asserted two additional claims against Adobe, one sounding in breach of express warranty and the other in breach of implied warranty. For Adobe Moon to extract the $50,000 payment and ignore the assignment of claims is to distort the settlement agreement. Instead, these claims are separate and distinct from the indemnification claim and, as such, can produce a recovery well in excess of the $75,000 amount-in-controversy requirement.

2. Public Policy

Adobe Moon also argues that the Amended Complaint should be dismissed because the indemnification agreement violates public policy. Adobe Moon faces a substantial hurdle in succeeding with this argument, since agreements are not void against public policy unless they are "clearly contrary to what the state constitution, statutes or court decisions have declared to be the public policy or unless they are 'manifestly injurious to the public welfare.'" Swavely v. Freeway Ford Truck Sales, Inc., 700 N.E.2d 181, 187 (Ill. App. 1998). Whether a contract is enforceable under the public policy of the state is a conclusion of law that turns on the particular facts and circumstances of each case. See id. (citing Rome v. Upton, 648 N.E.2d 1085, 1088 (Ill. App. 1995); O'Hara v. Ahlgren, Blumenfeld & Kempster, 537 N.E.2d 730, 734 (Ill. 1989)).

Adobe Moon argues that Illinois has a "long history of voiding agreements which seek to indemnify parties to a contract from their own negligence...." (Def. Mtn. Mem. at 6.) NAA counters that were this the case, the entire insurance industry would be eradicated. We agree with NAA's general observation and find further support in the case law. Under Illinois law, parties may execute an indemnity agreement that encompasses the indemnitee's own negligence as long as the agreement's language is clear and unequivocal. See Allen v. International Harvester Co., 571 N.E.2d 773, 776 (Ill. App. 1991) (citing Westinghouse Elec. Elevator Co. v. La Salle Monroe Bldg. Corp., 70 N.E.2d 604, 607 (Ill. 1947)). Our evaluation of the indemnity provision at issue depends on the "particular language used and the factual setting of the case." Zadak v. Cannon, 319 N.E.2d 469, 472 (Ill. 1974). As the Illinois Supreme Court has commented, "it serve[s] no useful purpose to attempt to analyze or reconcile the numerous cases interpreting indemnity clauses." Id. (citing Tatar v. Maxon Constr. Co., 294 N.E.2d 272, 273 (Ill. 1973)). In the instant case, the provision requires Adobe Moon to indemnify J.C. Penney "even if the claim is caused by the actual or alleged sole or partial negligence or other fault of Penney...." That language appears sufficiently clear and unequivocal to survive a motion to dismiss. At this preliminary stage, we lack the appropriate factual development to conclude otherwise.

Despite this case law, Adobe Moon turns to the construction context for support. It points to a line of cases that have invoked the Construction Indemnity Act to void contractual provisions that could require indemnifying someone else's negligence. See, e.g., GTE North, Inc. v. Henkels & McCoy, Inc., 612 N.E.2d 1375, 1377 (Ill. App. 1993); Shaheed v. Chicago Transit Auth., 484 N.E.2d 542, 552 (Ill. App. 1985). These cases do not apply to the instant matter, however, because they are firmly rooted in the Construction Indemnity Act. As its name suggests, this statute applies in the construction context, and we refuse to extend its policy preferences outside of that limited realm, particularly when a long line of cases recognizes such indemnity agreements outside of the construction context. See Westinghouse, 70 N.E.2d at 607; Allen, 571 N.E.2d at 776; Burlington Northern R.R. Co. v. Pawnee Motor Serv., Inc., 525 N.E.2d 910, 911 (Ill. App. 1988).

Thus, we remain unmoved by Adobe Moon's protestations about the validity of the indemnity agreement. Accordingly, we reject their argument as a ground for dismissing NAA's Amended Complaint.

3. Breach of Contract Claim

In the alternative, Adobe Moon asks us to dismiss Count I of the Amended Complaint because it is insufficiently pled. Federal courts adhere to a liberal "notice pleading" standard requiring the complainant merely to provide a "short and plain

statement of the claim showing that the pleader is entitled to relief." Veazey v. Communications & Cable of Chicago, Inc., 194 F.3d 850, 854 (7th Cir. 1998) (citing Fed. R. Civ. P. 8(a)). The sole function the pleadings must serve is to furnish notice of the claim. See id.

Adobe Moon asserts first that NAA has not properly alleged the existence of an indemnity contract between J.C. Penney and Adobe Moon. We disagree. According to the Amended Complaint, Adobe Moon agreed to the terms contained in J.C. Penney's Wholesaler Contract and Listing Sheet. (Amd. Compl. ¶ 26.) That contract included an alleged "indemnification section." (Id. ¶ 34.) Taken together, these two statements allege the existence of an indemnification contract.

In the alternative, Adobe Moon maintains that even if an indemnification contract did exist between the parties, NAA has not sufficiently pled its breach. We again disagree. NAA alleges that "Adobe Moon did not indemnify J.C. Penney...." (Amd. Compl. ¶ 37.) That statement clearly alleges a breach of contract. Adobe Moon charges NAA with "fail[ing] to plead how, even minimally, these duties were breached." (Def. Mtn. Mem. at 8.) However, the liberal notice pleading standard does not require NAA to plead how duties were breached. Rather, NAA need only notify Adobe Moon of its belief that Adobe Moon failed to fulfill its end of the bargain. By

saying that "Adobe Moon did not indemnify J.C. Penney," NAA has provided such notice.

In its papers, Adobe Moon makes much of NAA's failure to allege that J.C. Penney requested indemnification, or that Adobe Moon denied such a request, or that J.C. Penney tendered its defense of the underlying action to Adobe Moon. The case law does not require such measures, however. The cases impose third-party liability "for the full amount of settlement as long as the settlement was made in reasonable anticipation of personal liability and the settled amount was reasonable <u>even if they were not provided with notice of the settlement</u>." <u>WestAmerica Mortgage Co. v. Tri-County Reports, Inc.</u>, 670 F. Supp. 819, 821 (N.D. Ill. 1987) (emphasis added). At this early stage, NAA's allegations satisfy both elements of third-party settlement liability. NAA's allegations indicate that J.C. Penney had a reasonable anticipation of personal liability since they were allegedly displaying and selling goods falsely purporting to be Indian-made. IACA is, after all, a strict liability statute that carries substantial penalties. Furthermore, the allegations support the inference, at least for purposes of this motion to dismiss, that the settlement amount of $50,000 payment plus assignment of claims was reasonable.

## CONCLUSION

For the foregoing reasons, we deny Defendant Adobe Moon's Motion to Dismiss Plaintiff's Amended Complaint.

*[signature: Charles P. Kocoras]*

Charles P. Kocoras
United States District Judge

Dated:  January 17, 2001